## OLIVER v. OLIVER.

1. Upon a bill filed for a divorce by the wife, in which she does not claim alimony, no decree can be made in favor of the husband, on his answer for money paid by him for the debts of the wife, contracted before marriage. If such a decree can be made in any case it must be on a cross bill filed by the husband.

2. When it appeared that the husband had made a settlement for the separate use of the wife and her children, by a former marriage, it might be proper for the chancellor to refuse relief to the wife applying for a divorce, (although he could not decree in favor of the husband) until she made a re-conveyance of such separate estate.

ERROR to the Chancery Court at Lowndes.

G. W. GAYLE, for plaintiff in error.
WILLIAMS, contra.

ORMOND, J.—This was a bill filed by the defendant in error by her next friend, against Creed T. Oliver, her husband, for a divorce a vinculo matrimonii, and settlement of her dower interest in her former husband's estate.

The answer denies the acts of cruelty charged in the bill, but it is fully sustained by the proof, and we are of opinion that such a case is made out, as justified the chancellor in dissolving the bonds of matrimony existing between the parties.

It is however insisted, that as it appeared that the husband had discharged debts to a considerable amount, which existed against the wife previous to the marriage, that an account should be taken between the parties, and an allowance made to the husband, out of the estate of the wife.

Whether it might not have been proper to consider this fact on an application for alimony, it is not necessary to consider, as no such application was made, or allowance granted. Waiving therefore, the consideration of the question, whether the husband could, in any case, upon a divorce, claim to be reimbursed for debts paid for his wife, contracted by her, previous to the marriage, it is very clear no such decree could be made upon the pleadings in this case. A defendant in chancery, can only pray to

be dismissed the court.   If he has any relief to pray against the
complainant, or discovery to seek, he must do so by a cross bill.
[Lube's Eq. Pleading, 39.]   The same principle was affirmed by
this Court, in the case of Cullum v. Harding, at the last term.

It might, nevertheless, be proper, that a court of chancery
should refuse relief, even upon an application for a divorce, unless
the party seeking its aid, should, as a condition precedent, do what
justice demanded.   In this case, it appeared from the answer and
the proof, that the husband had made a settlement of certain se-
curities for the separate use of his wife and her children.   Under
the circumstances of this case, it was not equitable that she should
have retained this after being divorced from her husband, and
we are informed by the chancellor, that she has relinquished all
her interest in that fund.

There being no error in the decree of the chancellor, it is af-
firmed.